IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60274-KMM

LORI D. RITENOUR, et al.,[1]

    Appellants,

vs.

LESLIE S. OSBORNE, Chapter 11 Trustee,

    Appellee.
_____/

## ORDER AFFIRMING BANKRUPTCY COURT

THIS CAUSE came before the Court upon Appellant's Notice of Appeal of the Bankruptcy Court's Order Confirming Sale of Estate's Interest in Unexpired Lease to Charles Ittah, or His Assigns or Nominees, entered on January 5, 2010 (ECF No. 1). This appeal is now fully briefed and ripe for review.

UPON CONSIDERATION of the Notice of Appeal, the Parties' briefs, the pertinent portions of the record, and being otherwise fully advised in the premises, this Court enters the following Order.

I.     **BACKGROUND**[2]

Appellants in this case contest the Bankruptcy Court's sale of the Debtor's interest in a lease, challenging the Bankruptcy Court's jurisdiction to authorize the sale and assignment, and

---

[1] The Appellants are Lori D. Ritenour and Steven G. Ritenour as Co-Trustees of the Lori D. Ritenour and Steven G. Ritenour Revocable Living Trust U/A dated October 29, 2004, and A. Lorraine Vreeland as Trustee of the A. Lorraine Vreeland Revocable Living Trust dated February 11, 2009.

[2] The facts are taken from Appellants' Initial Brief (ECF No. 13) and Appellee's Answer Brief (ECF No. 15).

alleging that the Bankruptcy Court erred in authorizing the sale and assignment of the lease pursuant to 11 U.S.C. §§ 363 and 365.

On October 29, 2009, Debtor S&I Investments, owned by Ilene and Stephen Richmond, was involuntarily placed into Chapter 11 bankruptcy. The Debtor included a lease ("the Lease") to real property in Fort Lauderdale, Florida, as one of its listed assets. The Lease was originally entered into in March 1955 between Corenelia DeVeaux Vreeland, as lessor, and Ilene Corporation as lessee. The original term of the lease was for 49 years, but was then amended to a 99 year term. In April 1991, Ilene Corporation assigned the Lease to the Richmonds. Sometime after 1991, the Richmonds formed the Debtor, S&I Investments, and assigned the Lease to the Debtor.

On April 23, 2009, the Trustee filed a Motion to Assume the Lease in the Bankruptcy Court. The Appellants filed an adversary proceeding (Adv. Pro. No. 09-01474-RBR-A) seeking declaratory and injunctive relief in the form of a judgment that declared that the Debtor had no interest in the Lease, or in the alternative, a determination from the Trustee as to whether to assume or reject the Lease, and in the event of assumption, an order requiring cure of all pre-petition arrearages. The Bankruptcy Court construed the filing of the adversary proceeding as a response to the Motion to Assume the Lease, held a number of hearings on the matter, and issued orders directing the assumption and cure by the Trustee, as well as bid and sale orders. Appellants appealed the Bankruptcy Court's Assumption and Cure Orders to the District Court. On June 3, 2010, Judge Gold entered an Order affirming the Bankruptcy Court's Assumption and Cure Order. See Order Case No. 09-cv-61276-ASG (ECF No. 10-1). Appellants appealed to the Eleventh Circuit and Judge Gold's Order was affirmed. Appellants were denied *en banc*

reconsideration by the Eleventh Circuit. Appellee's Mot. Dismiss Ex. H (ECF No. 10-2). Appellants petitioned for a writ of certiorari to the Supreme Court but that petition was denied on December 5, 2011. Id. Ex. I (ECF No. 10-2).

## II.  STANDARD OF REVIEW

Appellate jurisdiction is conferred on this Court by 28 U.S.C. § 158(a)(1) which states, "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges." "The district court must accept the bankruptcy court's factual findings unless they are clearly erroneous, but reviews a bankruptcy court's legal conclusions *de novo*." In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996). Mixed questions of law and fact are also reviewed de novo. In re Lentek Int'l, Inc., 346 Fed. App'x 430, 433 (11th Cir. 2009). Under *de novo* review, the Court independently examines the law and draws its own conclusions after applying the law to the facts of the case. In re Piper Aircraft Corp., 244 F.3d 1289, 1295 (11th Cir. 2001)).

## III.  ANALYSIS

### A.  The Bankruptcy Court's Jurisdiction

In 28 U.S.C. 157(b)(1) Congress provided that bankruptcy judges may hear, determine, and enter appropriate orders and judgments, subject to appellate review, all cases "arising in" or "arising under" Title 11. See also Wood v. Wood, 825 F.2d 90, 96 (5th Cir. 1987).

The Lease was appropriately determined an asset of the Debtor's estate, and its sale and assignment were clearly within the jurisdiction of the Bankruptcy Court. Appellant provides no valid argument to the contrary, and Appellant's attempt to extrapolate the Supreme Court's holding in Stern v. Marshal, 131 S. Ct. 2594 (2011) is meritless.

In Stern, the debtor's estate filed a counterclaim against a creditor's claim. The counterclaim relied upon a determination of whether Texas common law recognized a cause of action for tortious interference with an *inter vivos* gift. The Supreme Court held that a bankruptcy court lacked subject matter jurisdiction to enter a judgment because: (1) the counterclaim was entirely based upon state common law; (2) the adjudication of the counterclaim was entirely independent of federal bankruptcy law; and (3) the counterclaim was not necessarily resolvable by a ruling on the creditor's proof of claim. Id. at 2603-04.

In the instant case, the sale of the Lease is part of the core proceeding and arises solely in the context of this bankruptcy matter. It is an asset of the Debtor's estate and may be sold pursuant to 11 U.S.C. 363. The sale is governed by federal bankruptcy law, and there is no resolution of state law issues necessary to effect its disposition. The sale of the Lease was therefore within the jurisdiction of the Bankruptcy Court.

B.   Authorization of Assignment and Sale of the Lease

Appellants argue that because the Trustee failed to make timely rent payments while the Lease sale was pending, the Trustee violated § 365(d)(3), and the Bankruptcy Court subsequently erred in allowing the Trustee to sell the Lease. Appellants offer no case law in support of the argument that the Bankruptcy Court erred, whereas several courts have held that a post-petition default did not invalidate a lease or make it nontransferable. See In re Leisure Corp., 234 B.R. 916, 923 (9th Cir. BAP 1999) (holding that a post-petition default on a lease neither compels nor prohibits renewal, instead, post-petition defaults should be a factor for the court to consider in deciding whether a debtor may renew a lease); In re Southwest Aircraft Servs., Inc., 831 F.2d 848, 854 (9th Cir. 1987) (holding that the failure to make payments constitutes simply one element to be considered, along with all the other relevant factors, in determining whether cause

4

exists to extend the 60-day period for assumption or rejection of a lease); In re Westview 74th Street Drug Corp., 59 B.R. 747, 754 (Bankr. S.D.N.Y. 1986) (failure to meet a lease obligation required by section § 365(d)(3) does not effect an automatic termination of the lease; the appropriate remedy for such a failure is one which should be formulated by the court after a review of the facts of the particular case).

The default by the Trustee in this case did not automatically invalidate the lease or void its transferability. The Bankruptcy Court properly evaluated the Trustee's ability to cure the default and effectuate a sale which would benefit the Debtor's estate. The Bankruptcy Court's actions were well in accord with the law.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that the Bankruptcy Court's Order Confirming Sale of Estate's Interest in Unexpired Lease to Charles Ittah, or His Assigns or Nominees is AFFIRMED. It is further

ORDERED AND ADJUDGED that the Appellee's Motion to Dismiss Bankruptcy Appeal (ECF No. 10) is DENIED AS MOOT.

The Clerk of the Court is instructed to CLOSE this case. All pending motion are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 5th day of March, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record